UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID R. SMITH,<br><br>       Plaintiff,<br><br>   v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>       Defendants. | Case No.  5:16-cv-02376-EJD<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff David R. Smith ("Plaintiff") alleges in this action that the County of Santa Cruz (the "County") and three of its employees (collectively, the "County Defendants") violated his federal and state constitutional rights by asserting a lien against his real property in order to collect fees and costs the County was awarded after prevailing in a nuisance lawsuit against Plaintiff. The County Defendants now move to dismiss Plaintiff's Complaint. Dkt. No. 12. Plaintiff has filed written opposition.[1]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.[2]  Having carefully considered the parties' pleadings, the court finds merit to the County Defendants' argument.  Accordingly, the

---

[1] Plaintiff's motion to extend the deadline by which the opposition should have been filed (Dkt. No. 25) is GRANTED.  The court considers the opposition and supporting declaration (Dkt. Nos. 18, 19) timely-filed according to this extension.

[2] Although Plaintiff cited 28 U.S.C. § 1332 in the Complaint's jurisdictional statement, it is evident that federal jurisdiction cannot be based on that section because the parties are not completely diverse.  Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (holding for diversity jurisdiction to arise, "there must be complete diversity of citizenship between the parties opposed in interest").  Nor can jurisdiction independently arise based on 28 U.S.C. §§ 2201 or 2202.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).  And to the extent its citation is necessary, jurisdiction based on 28 U.S.C. § 1343 is subsumed by § 1331.

1
Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Motion to Dismiss will be granted for the reasons explained below.

### I.  BACKGROUND

Plaintiff is a resident of the County, and acquired a vacant parcel of real property located within the County in 2002. Compl., Dkt. No. 1, at ¶¶ 1, 7. As noted, Edith Driscoll, Mary Jo Walker and Fred Keeley are county employees. Id. at ¶ 3.

Plaintiff alleges that on March 20, 2007, the Santa Cruz Superior Court ordered him to pay costs and penalties to the County in the total amount of $6,814.35, and that the "award was a personal obligation lien against any real property owned" by Plaintiff. Id. at ¶¶ 8, 9. The Superior Court's order also stated the award would become a "special assessment lien" and collected on the secured tax role if not paid within 45 days. Id. at ¶ 10(1).[3] Plaintiff alleges the County "attempted to trick" the Superior Court into signing an order that "converted the term 'Code Enforcement Lien' to 'Special Assessment Lien' so that the County could have Walker and Keeley treat the lien as a tax in violation of the California Constitution." Id. at ¶ 11(2). He alleges further that the Superior Court judge did not understand the County was attempting to convert a lien into a tax when the order was signed. Id. at ¶ 12. Plaintiff contends orders to convert code enforcement liens into taxes are not normally obtained from courts but are instead ordered by the County's administrative hearing officer. Id. at ¶ 16.

Plaintiff appealed from the order, but alleges he "did not understand or appeal" the matter of the "special assessment lien." Id. at ¶ 11(1). He states that the order became final on February 1, 2008. Id.

On July 21, 2008, the County recorded a document entitled "Notice of Code Enforcement Assessment Lien," and Plaintiff alleges that Walker and Keeley placed the lien on his property to be collected with property taxes. Id. at ¶¶ 10(2), 21. Because Plaintiff was unable to pay, Driscoll sent Plaintiff a "Notice of Sale of Tax Defaulted Property" on April 14, 2016. Id. at ¶ 23. In response, Plaintiff sent a letter to Driscoll demanding that the sale notice be withdrawn. Id. at ¶

---

[3] There are two paragraphs 10 and 11 in the Complaint. The "(1)" designation references the first set of those paragraphs, while the "(2)" designation refers to the second set.

24.

Plaintiff filed the Complaint commencing this action on May 2, 2016.  He asserts claims for violation of the Fifth, Eighth, and Fourteenth Amendments, as well as state law claims under the California Constitution, a common law claim for conversion, and a claim for violation of the Bane Act.  The instant motion followed.

**II.   LEGAL STANDARD**

Although the County Defendants rely on two rules in arguing for dismissal, only one is necessary to resolve this motion.

**A.   Federal Rule of Civil Procedure 12(b)(1)**

A motion under Rule 12(b)(1) challenges subject matter jurisdiction and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  Id.  When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

Because it is presumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it."  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (quoting Renne v. Geary, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted)).

**B.   Pro Se Pleadings**

Where a pleading is filed by a plaintiff proceeding pro se, it must be construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor."  McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants."  Id.  A pro se complaint should not be dismissed unless the

3
Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

### III. DISCUSSION

Under Rule 12(b)(1), the County Defendants argue this court lacks subject matter jurisdiction over Plaintiff's claims due to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. They are correct.

#### A. Plaintiff's Federal Claims are Barred by the Tax Injunction Act

"The TIA is a limitation on the jurisdiction of federal courts." Bidart Bros. v. Cal. Apple Comm'n, 73 F.3d 925, 928 (9th Cir. 1996). The statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

"The Supreme Court repeatedly has characterized the [TIA] as a 'broad jurisdictional barrier,' which 'limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" Lowe v. Washoe Cnty., 627 F.3d 1151, 1155 (9th Cir. (quoting Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 825 (1997); California v. Grace Brethren Church, 457 U.S. 393, 408-409 (1982)). Consequently, the TIA prohibits several categories of federal relief, including declaratory, injunctive, and damages under 42. U.S.C. § 1983, "so as long as the tax-payer has an adequate remedy in state court." Patel v. City of San Bernardino, 310 F.3d 1138, 1140 (9th Cir. 2002); accord Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981) (holding that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts," and must instead "seek protection of their federal rights by state remedies").

In order to decide whether the County Defendants have properly invoked the TIA, the court must first address Plaintiff's contention that the lien recorded against Plaintiff's property is not a tax. "In determining whether the TIA applies, the 'ultimate question remains whether an

4
Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

assessment is a State tax.'" Ariz. Life Coalition, Inc. v. Stanton, 515 F.3d 956, 963 (9th Cir. 2008) (quoting Bidart Bros., 73 F.3d at 933). Though Plaintiff argues otherwise, the record demonstrates - and applicable legal authority confirms - that the lien should be considered a tax for application of the TIA.

Looking first at the relevant portions of the pleadings, Plaintiff alleges in the Complaint that the Superior Court's fees and costs order would become a "personal obligation lien" against real property owned by Plaintiff, and that the Superior Court ordered the award would become a "special assessment lien" and collected on the secured tax role if not paid within 45 days. These allegations are established by the Superior Court order dated March 20, 2007. Dkt. No. 21, at Ex. A.[4] Plaintiff further alleges the County recorded a lien against his property based on the fees and costs award on July 21, 2008, so that the award could be collected in the same manner as property taxes. Accordingly, as a matter of factual allegations, the Complaint establishes that the lien recorded by the County is a form of "tax" under the TIA. See Singh v. City of Oakland, No. C 03-05246 SI, 2009 U.S. Dist. LEXIS 107625, at *17 n.7, 2009 WL 3920767 (N.D. Cal. Nov. 18, 2009) (citing Hibbs v. Winn, 542 U.S. 88, 102 (2004)).[5]

The law is in accord. California Government Code §25845(d) permits counties to do exactly what occurred here: order that the payment of nuisance fees and costs be specially assessed against the parcel, to be "collected at the same time and in the same manner as ordinary county taxes are collected." The statute also permits counties to record a "notice of abatement lien," and provides that "[a]ll laws applicable to levy, collection, and enforcement of county taxes are applicable to the special assessment." Cal. Gov't Code § 25845(d), (e). Thus, because the

---

[4] The court takes judicial notice of the Superior Court's order. Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

[5] To further illustrate the point that this case is about a tax as a matter of fact, it is important to understand what this case is not about. Plaintiff's Complaint challenges the special assessment lien and the collection process associated with it, but does not, and perhaps cannot, challenge the imposition of the fees and costs that resulted in the lien. Indeed, the propriety of the Superior Court's order on that issue was finally decided by the California Court of Appeal, of whose opinion this court also takes judicial notice. Dkt. No. 13, at Ex. B.

relevant County codes authorized the collection of fees and costs through a lien (Santa Cruz County Code §§ 1.12.070, 19.01.070-19.01.100), and because California law subjects such liens to the same procedures as county taxes, this court finds that the lien recorded by the County is a tax subject to the TIA and that this action would "enjoin, suspend or restrain" its "assessment, levy or collection," as those latter activities have been defined by the United States Supreme Court. See Direct Mktg. Assn. v. Brohl, 135 S. Ct. 1124, 1130-31 (2015). Other courts to have examined this issue, including the Ninth Circuit, have reached the same conclusion. See Singh, 2009 U.S. Dist. LEXIS 107625, at *17 n. 7, aff'd, 429 Fed. Appx. 637 (9th Cir. 2011).

Having established the TIA applies to this action, the relevant question becomes whether the State of California provides a "plain, speedy and efficient remedy" for Plaintiff's claims. See Patel, 310 F.3d at 1140. A state tax remedy is "plain, speedy and efficient" if the party challenging the tax has access to procedures that are certain, that do not impose an "unusual hardship," and that provide for "a full hearing and judicial determination of all federal constitutional objections." Lowe, 627 F.3d at 1155-56. This exception to the TIA must be narrowly construed. Patel, 310 F.3d at 1142.

California utilizes a "pay first, litigate later" rule when it comes to the provision of property taxes. See Cal. Const. art. XIII, § 32 ("No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature."); Cal. Rev. & Tax. Code § 4807. Once paid, a taxpayer who believes he or she is entitled to a refund for erroneous or illegal taxes may request a refund from the county. Cal. Rev. & Tax. Code § 5096. If that process ends unsuccessfully, the taxpayer may then file a state court action in mandate to pursue the claim for refund, and in doing so may raise constitutional objections to the assessment or collection of the tax. Cal. Rev. & Tax. Code §§ 4808, 5141.

The court finds that this procedure is sufficiently certain and that it does not impose an unusual hardship on taxpayers. The court also finds that it allows for the adjudication of federal

6
Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

constitutional objections, since such provision is specifically indicated in the statutory scheme. Cal. Rev. & Tax. Code § 4808. And based on these findings, the court concludes that California provides a "plain, speedy and efficient remedy" as required for application of the TIA, even under a narrow construction of the exception. See Singh, 2009 U.S. Dist. LEXIS 107625, at *20.

Consequently, this court lacks subjection matter jurisdiction to consider Plaintiff's federal constitutional challenges to the special assessment lien asserted against his property by operation of the TIA. The first through fifth claims will therefore be dismissed without prejudice to the extent they encompass such challenges. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). This dismissal will be without leave to amend because permitting amendment under these circumstances would be futile. See Matheson v. Smith, 551 Fed. Appx. 292, 296 (9th Cir. 2013) (affirming dismissal without leave to amend under the TIA).

### B. The Court Will Not Retain Jurisdiction Over the State-Law Claims

What remains are claims based in California state law.

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Since the court has determined that all federal claims will be dismissed without leave to amend, the court declines to exercise supplemental jurisdiction over the remaining state law claims. These claims will also be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

### IV. ORDER

Based on the foregoing, the County Defendants' Motion to Dismiss (Dkt. No. 12) is

1  GRANTED.

2  The federal claims asserted in the Complaint are DISMISSED WITHOUT PREJUDICE
3  and WITHOUT LEAVE TO AMEND.  All other state law claims are DISMISSED WITHOUT
4  PREJUDICE.

5  Since this result completely resolves this action, the Clerk shall close this file

7  **IT IS SO ORDERED.**

8  Dated:  November 7, 2016



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS