UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID R. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No. 5:16-cv-02376-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 46, 52 |

Plaintiff David R. Smith ("Plaintiff") alleges in this action that the County of Santa Cruz (the "County") and three of its employees (collectively, the "County Defendants") violated his federal and state constitutional rights by asserting a lien against his real property in order to collect fees and costs the County was awarded after prevailing in a nuisance lawsuit against Plaintiff. This Court issued an order dismissing Plaintiff's Complaint (Dkt. No. 12), which was then vacated by the Court of Appeals for the Ninth Circuit (Dkt. No. 39). Now on remand, Defendants again move to dismiss Plaintiff's Complaint. Dkt. No. 46. Plaintiff has filed a written opposition. Dkt. No. 49. Plaintiff has also moved for leave to file a first amended complaint (Dkt. No. 52), which Defendants oppose (Dkt. No. 54).

For the reasons discussed below, Defendants' motion to dismiss is GRANTED and Plaintiff's motion for leave is DENIED.

**I. BACKGROUND**

The factual background of this case has been set forth in the court's initial Order Granting

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
1

Defendants' Motion to Dismiss (Dkt. No. 36) and need not be repeated in full. In short, Plaintiff challenges a "special assessment lien" which was placed upon his property tax bill by the County's tax collectors. Compl., Dkt. No. 1, at ¶¶ 8-11(2).[1] This lien resulted from Plaintiff's failure to timely pay costs and penalties to the County after it prevailed in a nuisance lawsuit against Plaintiff in Santa Cruz County Superior Court. *Id*. at ¶¶ 10(2), 21, 24. Plaintiff appealed the Superior Court's order, but the Court of Appeal affirmed. *Id*. at ¶ 11(2). The instant suit followed.

On November 7, 2016, this court issued an order dismissing Plaintiff's Complaint because its claims were barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. Dkt. No. 12. In reaching its determination, the court found that the special assessment lien was a tax within the meaning of the TIA, and that the State of California provided a "plain, speedy and efficient remedy" for Plaintiff's claims. *Id*. at 4-7.

On June 30, 2017, the Ninth Circuit vacated and remanded the court's order because, in determining that the special assessment lien was tax, it did not apply the test set forth in *Bidart Bros. v. Cal. Apple Com'n*, 73 F.3d 925, 931-32 (9th Cir. 1996). Dkt. No. 39. On remand, the court directed Defendants to refile their motion to address the Ninth Circuit's decision. Dkt. No. 45. On September 27, 2017, Defendants filed a the instant motion. Dkt. No. 46. Defendants' new motion seeks to dismiss Plaintiff's claims on the grounds that: (1) the special assessment lien qualifies as a tax under *Bidart* and therefore the court lacks subject matter jurisdiction under the TIA; and (2) Plaintiff's claims are barred by res judicata under California law, and therefore cannot heard by this court. *Id*. Plaintiff timely filed a written opposition. Dkt. No. 49.

On November 16, 2017, Plaintiff filed a motion for leave to file an amended complaint "to correct certain factual allegations" because he "discovered new information regarding the County's actions." Dkt. No. 52. Plaintiff did not provide further detail as to what this information

---

[1] There are two paragraphs 10 and 11 in the Complaint. The "(1)" designation reference the first set of those paragraphs, while the "(2)" designation refers to the second set.

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

2

was or how it impacted the issued raised by Defendants' motion to dismiss. *See id.* Plaintiff also did not include a proposed amended complaint in his motion. *Id.* Defendants oppose Plaintiff's motion. Dkt. No. 54.

## II. LEGAL BACKGROUND

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion under Rule 12(b)(1) challenges subject matter jurisdiction and may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Id.* When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

Because it is presumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted)).

### B. Pro Se Pleadings

Where a pleading is filed by a plaintiff proceeding pro se, it must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
3

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint because (1) the court lacks subject matter jurisdiction due to the TIA and (2) res judicata bars Plaintiff's claims. The Court addresses each in turn.

### A. Plaintiff's Federal Claims are not Barred by the Tax Injunction Act

"The TIA is a limitation on the jurisdiction of federal courts." *Bidart*, 73 F.3d at 928. The statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

"The Supreme Court repeatedly has characterized the [TIA] as a 'broad jurisdictional barrier,' which 'limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Lowe v. Washoe Cnty.*, 627 F.3d 1151, 1155 (9th Cir. (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997); *California v. Grace Brethren Church*, 457 U.S. 393, 408-409 (1982)). Consequently, the TIA prohibits several categories of federal relief, including declaratory, injunctive, and damages under 42. U.S.C. § 1983, "so as long as the tax-payer has an adequate remedy in state court." *Patel v. City of San Bernardino*, 310 F.3d 1138, 1140 (9th Cir. 2002); *accord Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981) (holding that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts," and must instead "seek protection of their federal rights by state remedies").

In determining whether the TIA applies in this case, the court must first determine whether the special assessment lien is a tax within the meaning of the TIA. In general:

> [Cases] have sketched a spectrum with a paradigmatic tax at one end and a paradigmatic fee at the other. The classic "tax" is imposed by a legislature upon many, or all, citizens. It raises money, contributed to a general fund, and spent for the benefit of the entire community. The classic "regulatory fee" is imposed by an agency upon those subject to its regulation. It may serve regulatory purposes directly by, for example, deliberately discouraging particular conduct by making it more expensive. Or, it may serve such purposes indirectly by, for example, raising

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
4

money placed in a special fund to help defray the agency's regulation-related expenses.

*Bidart*, 73 F.3d at 930.

The Ninth Circuit has established three primary factors in determining whether a certain charge or assessment constitutes a tax for the purposes of the TIA, namely whether: (i) the entity that imposes the assessment is a legislative body; (ii) the group upon whom the assessment is imposed is broad; and (iii) assessments are treated as general revenues and are paid into the state's general fund. *See Bidart*, 73 F.3d at 930-32. "Where the first two factors are not dispositive, courts examining whether an assessment is a tax 'have tended . . . to emphasize the revenue's ultimate use.'" *Id.* (quoting *San Juan Cellular Telephone Co. v. Public Serv. Comm'n of Puerto Rico*, 967 F.2d 683, 685 (1st Cir. 1992)). The court considers each in turn.

### i. Entity Imposing the Assessment

An "assessment imposed directly by the legislature is more likely to be a tax than an assessment imposed by an administrative agency." *Bidart*, 73 F.3d at 931. Here, the special assessment lien resulted from a judicial order from the Superior Court of California, which directed that "[a]ll costs and penalties are ordered to be a personal obligation against [Plaintiff] or a special assessment lien against any real property owned by him and collected on the secured tax roll if not paid by cashier's check to the Office of the County Counsel within 45 days of this Order . . . ." Dkt. No. 47, at Ex. B at 2-3.[2] Once Plaintiff failed to satisfy his personal obligation after the 45 day period, the special assessment lien was imposed on Plaintiff by the County's tax collectors.[3] *See* Santa Cruz County Code ("County Code") § 1.12.070(I) (providing that "[t]he Auditor-Controller shall add the unpaid amount(s) of the special assessments to the next regular tax bill for taxes levied against said property for County purposes" and that these "amount(s) . . .

---

[2] The court takes judicial notice of the Superior Court's order. Fed. R. Evid. 201(b); *Revn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").
[3] Plaintiff does not appear to dispute this, as he alleges in his Complaint that "the county of Santa Cruz caused [tax collectors] WALKER and KEELY to enter the lien upon the tax role for collection . . . ." Compl. ¶ 21.

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
5

shall be collected at the same time and in the same manner as County taxes are collected . . . ."). This weighs against finding that the special assessment lien is a tax under the TIA.

### ii. Parties Upon Whom Assessment is Imposed

An "assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class." *Bidart*, 73 F.3d at 931 (citing *Trailer Marine Transp. Corp. v. Rivera Vazquez*, 977 F.2d 1, 6 (1st Cir. 1992)). Here, the special assessment lien was imposed only on Plaintiff. This weighs against finding that the special assessment lien is a tax under the TIA.

### iii. "Ultimate Use" of the Assessment

"Assessments treated as general revenues and paid into the state's general fund are taxes," whereas an "assessment placed in a special fund and used only for special purposes is less likely to be a tax." *Bidart*, 73 F.3d at 932. Here, the special assessment lien is a hybrid of the two: according to the County Code, the County will first use the lien to cover the specific costs of the County's enforcement actions against Plaintiff and then, if the lien exceeds the costs, the excess will be "deposited in the County's general fund." County Code §§ 1.12.070(A) and (I) ("Any penalties recovered under the subsection in excess of the total County costs of enforcement shall be deposited in the County's general fund."). Nevertheless, since its use for a special purpose precedes its use for the general fund, its "ultimate use" is best characterized as the former. This weighs against finding that the special assessment lien is a tax under the TIA.

That said, "even assessments that are segregated from general revenues are 'taxes' under the TIA if expended to provide 'a general benefit to the public.'" *Bidart*, 73 F.3d at 932 (citing *San Juan Cellular*, 967 F.2d at 685)). Defendants argue that such is the case here, since the County's enforcement program enforces land use regulations and eliminates public nuisances for the health, safety, and welfare of the public. Mot., Dkt. No. 46, at 6. The court disagrees. Enforcing land use regulations against individual violators provides only an indirect public benefit, and, as such, is not sufficient to qualify as a "general benefit to the public" for the

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
6

purposes of the TIA. *See Bidart*, 73 F.3d at 932 (finding that, for assessments used to promote the sale of California apples, "[s]uch an indirect public benefit does not make the Commission's expenditures a tax"). Thus, the third *Bidart* factor also weighs against finding that the special assessment lien is a tax under the TIA.

In sum, all of the factors under *Bidart* weigh against finding that the special assessment lien is a tax. Accordingly, the TIA does not apply. The court DENIES Defendants' motion to dismiss on this ground.

### B. Plaintiff's Federal Claims are Barred by Res Judicata

Under California law, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *State Bd. of Equalization v. Superior Court*, 39 Cal. 3d 633, 703 P.2d 1131 (1985) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). "Res judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004). It is also true in California that "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." *Id*.

Here, there is no dispute that the first and third elements of res judicata are met. For the first element, the Superior Court entered judgment against Plaintiff (Dkt. No. 47, at Ex. B) and the Court of Appeal affirmed (Dkt. No. 47, at Ex. C[4]), making the judgment final. Compl. at ¶ 11(2). For the third element, the parties to this case are identical to the parties in the state action. *Compare* Compl., *with* Dkt. No. 47, at Exs. B and C.

The parties do, however, disagree as to the second element. Defendants concede that the

---

[4] The court takes judicial notice of the Court of Appeal's written decision. Fed. R. Evid. 201(b); *Revn's Pasta Bella*, 442 F.3d at 746 n.6 (holding the court "may take judicial notice of court filings and other matters of public record").

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
7

civil rights violations that Plaintiff alleges here were not raised in Plaintiff's appeal to the Court of Appeal in 2008. *See* Mot. at 9-10. Nevertheless, Defendants argue that res judicata applies here because these issues "could have been litigated" at that time. *Id.* Plaintiff disagrees, arguing that he could not have raised these issues because he did not fully appreciate the consequences of the Superior Court's order at the time of his appeal and the special assessment lien was assessed after the order issued. Opp'n at 7-8.

The court agrees with Defendants. The Superior Court's order, issued on January 30, 2007, clearly states that "[a]ll costs and penalties are ordered to be a personal obligation against [Plaintiff] or a special assessment lien against any real property owned by him and collected on the secured tax roll if not paid by cashier's check to the Office of the County Counsel within 45 days of this Order . . . ." Dkt. No. 47, at Ex. B to Mot. at 2-3. Consistent procedures were also set forth in the County Code. *See* County Code § 1.12.070(I). Thus, at the time Plaintiff filed his appeal, he was amply informed of the processes that the County would undertake to recover the Superior Court's judgment, including the imposition of the special assessment lien and subsequent collection efforts which the County may undertake. As such, he could have challenged the special assessment lien in his appeal on the same grounds which he raises now.[5] For this reason, the second element of res judicata is met.

Accordingly, because all three elements are met, Plaintiff's claims are barred by res judicata. These claims will be DISMISSED without prejudice, but without leave to amend, because they cannot be remedied with additional allegations. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals for lack of subject matter jurisdiction should be without prejudice).

---

[5] The fact that Plaintiff challenges the special assessment lien under federal law as well as state law does not change this observation, as he could have brought his federal challenges in California state court. *See Haywood v. Drown*, 556 U.S. 729, 731 (2009) ("[S]tate as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983 . . . ."); *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.").

### C. Leave to File and Amended Complaint Would be Futile

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. No. 52) falls within both of these categories. As an initial matter, Plaintiff's request does not comply with either Federal Rule of Civil Procedure 7(b), which required Plaintiff to set forth with particularity the grounds for seeking amendment, or Civil Local Rule 10-1, which required Plaintiff to attach the proposed amended complaint to his request. Although Plaintiff is self-represented, he remains obligated to follow the same rules as a represented party. *Wiley v. Macy's*, No. C 10–1188 SBA, 2010 WL 2636029, at *1 (N.D. Cal. June 30, 2010) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a pro se litigant's failure to follow a court's local rules and file a timely opposition to a motion to dismiss is proper grounds for dismissal). Moreover, even if the court were to look past Plaintiff's failure to comply with the rules, amendment is futile here. As discussed above, Plaintiff's claims are legally barred by res judicata. No additional factual allegations can cure this defect. Accordingly, Plaintiff's request to file an amended complaint must be denied.

### IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. No. 46) is GRANTED. Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. No. 52) is DENIED.

The federal claims asserted in the Complaint are DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND. All other state law claims are DISMISSED WITHOUT PREJUDICE.

Since this result completely resolves this action, the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 8, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-02376-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
9